IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL A. COHEN | : | CIVIL ACTION |
| | : | NO. 13-cv-674 |
| vs. | : | |
| | : | |
| GEORGE WAGNER, et al. | : | |

O'NEILL, J.                                                                  January 16, 2014

## MEMORANDUM

Plaintiff Paul A. Cohen, proceeding pro se, is a prisoner who was, until recently, housed in the Berks County Jail System.  On February 4, 2013, he filed a complaint against defendants Warden George Wagner, Chaplain Mast, Officer Matta (Kitchen), Sergeant Swenson (Kitchen), Officer Dew, Officer Gerry, Lieutenant Castro and Supervisors John and Jane Doe.  (Dkt. No. 1). He filed an amended complaint on March 12, 2013.  (Dkt. No. 9).  Cohen claims, inter alia, that he was not provided with Kosher meals, that his religious text was destroyed, that his legal mail was returned for insufficient postage and that he was retaliated against, all in violation of his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  42 U.S.C. §§ 2000cc, et seq.  Cohen's amended complaint also endeavors to assert a claim for fraudulent misrepresentation, presumably under Pennsylvania state law.  Since filing his amended complaint, Cohen has filed a number of motions with the Court seeking, inter alia, appointment of counsel, amendment of his complaint, injunctive relief and to compel discovery.  Also pending before me are motions to dismiss Cohen's amended complaint by Warden George Wagner, Officer Matta, Sergeant Svenson, Officer Dew, Officer Gerry and Lt. Castro (collectively the Berks defendants) (Dkt. No. 46) and by Chaplain Larry Mast (Dkt. No. 47).

The Court considers the pending motions as follows.

## I.      Motion for Appointment of Counsel

Among the motions filed by Cohen is a motion for appointment of counsel.  Dkt. No. 15.

28 U.S.C. section 1915(e)(1) "gives district courts broad discretion to request an attorney to

represent an indigent civil litigant.  Such litigants have no statutory right to appointed counsel."

Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); see also 28 U.S.C. § 1915(e)(1) ("The court

may request an attorney to represent any person unable to afford counsel.").  As the Court of

Appeals explained in Tabron,

> we must take note of the significant practical restraints on the
> district courts' ability to appoint counsel:  the ever-growing
> number of prisoner civil rights actions filed each year in the federal
> courts; the lack of funding to pay appointed counsel; and the
> limited supply of competent lawyers who are willing to undertake
> such representation without compensation . . . .  We also
> emphasize that volunteer lawyer time is extremely valuable.
> Hence district courts should not request counsel under § 1915[(e)]
> indiscriminately."

Id. at 157.[1]

In deciding whether to appoint counsel, "the district court must consider as a threshold

matter the merits of the plaintiff's claim."  Id. at 155.  If Cohen's claim has "arguable merit in

fact and law," the Court should consider whether he is capable of presenting his case, taking into

consideration the restraints placed upon him by his confinement, his prior litigation experience,

his literacy and ability to understand English, and his prior education and work experience.  Id. at

156.  The Court should also consider the degree of difficulty or complexity of the legal issues

raised by his claims, the degree to which factual investigation will be required and Cohen's

ability to pursue the investigation, including the extent to which his claims are likely to require

---

[1]      The Court in fact asked an attorney to represent Cohen in this matter, but the
attorney declined.

extensive discovery or compliance with complex discovery rules.  Id.  Finally, "appointment of counsel may be justified when a case is likely to turn on credibility determinations, or when a case will require testimony from expert witnesses."  McNeil-El v. Diguglielmo, No. 06-577, 2007 WL 1575006, at *2 (E.D. Pa. May 31, 2007), aff'd, 271 F. App'x 283, 286 (3d Cir. 2008), citing Tabron, 6 F.3d at 15-556.

Even assuming that Cohen's complaint and amended complaint could withstand the pending motions to dismiss, the Court finds that appointment of counsel is not warranted. Cohen's complaint, amended complaint and his other numerous filings in this action demonstrate his ability to articulate the events giving rise to his lawsuit, the constitutional rights which he believes were violated and his other claims for relief.  Further, the legal issues alleged in Cohen's complaint and amended complaint are not so complex that he cannot proceed without the assistance of counsel – other prisoners have brought similar claims without the assistance of counsel.[2]  Nor is the factual investigation required for his claims such that he will be unable to pursue his claims without the assistance of counsel.  The Court will deny Cohen's motion for appointment of counsel without prejudice.  In the event that issues arise in the future that raise a question as to Plaintiff's need for appointed counsel, the Court will consider a renewed motion for appointment of counsel.

## II.    Requests for Temporary Restraining Orders and Injunctions

Cohen has also filed a number of requests for temporary restraining orders and injunctions.  See, e.g., Dkt. Nos. 12, 13, 40, 41, 44, 53, 56.  He seeks injunctive relief requiring, inter alia:  (1) that defendants be enjoined from coming within 100 feet of him, Dkt. No. 12 at

---

[2]    Indeed, Cohen has previously represented himself in another civil rights matter before this Court.  See Cohen v. Wagner, No. 10-7234, 2012 WL 1548294 (E.D. Pa. May 1, 2012).

ECF p. 1-2; (2) his transfer to Cumberland County Prison or vacation of his sentences, id. at ECF p. 2; (3) provision of "a Kosher breakfast with fresh fruit and fresh vegetables included," id. at ECF p. 4; (4) a medical examination by an "unbiased surgeon regarding the hiatal hernia and the umbilical hernia," id.; and (5) that the "Berks C[ounty] Jail Sys[tem] not hinder or intercept mail clearly marked legal mail . . . ." Id. Cohen also asks for an injunction requiring the defendant Warden George Wagner "to hire a full time Rabbi." Dkt. No. 40 at ECF p. 2. In a subsequent motion he seeks to enjoin defendants from "refusing to mail any and all legitimate, marked legal mail up to 10 per month," "refusing to treat with the necessary antibiotics, MRSA," "refusing to see plaintiff for sick calls," and "refusing to treat emotional problems for no longer than 30 days." Dkt. No. 44 at ECF p. 2. Cohen also asks for an injunction preventing defendants "from allowing any inmate to prepare plaintiff's food, due to the inmates tampering with Kosher food items," and seeks a court order that "all foods [ ] be prepackaged, and heated and served in its original wrapper, whole fruits and vegetables are to be served in place of easily tampered with canned fruits and vegetables . . . ." Dkt. No. 53 at ECF p. 3-4.

On January 2, 2013, the Court received notice from Cohen that he has changed addresses and that he is "now at Wernersville CCC #18." Dkt. No. 59. Cohen's transfer from the Berks County Jail System in Leesberg, Pennsylvania to Wernersville CCC #18, in Wernersville, Pennsylvania renders moot his various requests for injunctive relief against Chaplain Mast and the defendant corrections officials who formerly oversaw the conditions of Cohen's confinement at the Berks County Jail System. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); see, e.g., Abdul-Akbar v. Watson, 4 F.3d

195, 197 (3d Cir. 1993) (holding that a former inmate's claim that a prison library's legal resources were constitutionally inadequate was moot because the plaintiff was released five months before trial).  Because Cohen no longer receives food, medical care, mail services or religious services from the Berks County Jail System, his "requests to enjoin the defendants . . . [are] academic. . . .  In other words, [Cohen's] transfer to another institution moots any claims for injunctive or declaratory relief." Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D. Pa. 1998) (citations omitted).  Accordingly, the Court will deny Cohen's requests for injunctive relief.

## III.   Motions to Dismiss and for Leave to Amend

### A.   Standard of Review

A defendant may challenge a complaint by a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss under Rule 12(b)(6), the Court is required to accept as true all of the factual allegations in the complaint, and all reasonable inferences permitted by the factual allegations, viewing them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350-51 (3d Cir. 2005); see also Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  "[C]onclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.

The Court also has the power to dismiss a complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Ala' Ad-Din Bey v. U.S. Dept. of Justice, 457 F.

App'x 90, 91 (3d Cir. 2012) (affirming district court's dismissal); <u>Vurimindi v. HSFLB Condo.</u>

<u>Owners Ass'n</u>, No. 13-39, 2013 WL 3153756, at *3 (E.D. Pa. June 21, 2013).  Rule 8(a)(2) of

the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Each averment must be "simple,

concise, and direct." Fed. R. Civ. P. 8(d)(1).  "Taken together," Rules 8(a) and 8(d)(1)

"underscore the emphasis placed on clarity and brevity by the federal pleading rules."  <u>In re:</u>

<u>Westinghouse Sec. Litig.</u>, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted).  Dismissal pursuant

to Rule 8 has been found warranted where a complaint is rambling, unclear and/or unwieldy.

<u>See, e.g.</u>, <u>Tillio v. Kent</u>, 477 F. App'x 881, 882 (3d Cir. 2012); <u>Simpson v. City of Coatesville</u>,

No. 10-0100, 2010 WL 149895, at *1 (E.D. Pa. Jan. 13, 2010).  Dismissal under Rule 8 has also

been held proper when a complaint "left the defendants having to guess what of the many things

discussed constituted [a cause of action]."  <u>Binsack v. Lackawanna Cnty. Prison</u>, 438 F. App'x

158 (3d Cir. 2011),

Because Cohen is proceeding pro se, the Court "must liberally construe his pleadings,

and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by

name." <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003).  "[H]owever inartfully pleaded,"

pro se pleadings must be held to "less stringent standards than formal pleadings drafted by

lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>see also</u> <u>United States ex rel.</u>

<u>Montgomery v. Bierley</u>, 141 F.2d 552, 555 (3d Cir. 1969) (noting that a petition prepared by a

prisoner may be inartfully drawn and should be read "with a measure of tolerance").  Prisoners in

particular are often at an informational disadvantage that may prevent them from pleading the

full factual predicate for their claims.  <u>Alston v. Parker</u>, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

Unless amendment would be inequitable or futile the Court should not dismiss Cohen's amended

complaint without allowing him leave to amend.  Id. at 235 (3d Cir. 2004), citing Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002);  see also Ala' Ad-Din Bey, 457 F.

App'x at 91 (dismissal pursuant to Rule 8 should not be imposed without granting leave to

amend the defective pleading).

### B.    Berks Defendants' Motion to Dismiss

The Berks defendants move to dismiss Cohen's complaint and amended complaint[3] for

failure to state a claim upon which relief can be granted.  Dkt. No. 46.  They contend that

Cohen's claims must "fail as he was promptly provided with Kosher meals after he informed

Defendant Chaplain Mast of his request, the Tanakh was not destroyed but had a false cover

removed, Plaintiff was not denied access to the courts, and there are no facts supporting a

retaliation claim."  Id. at ECF p. 3-4.  Further, they contend that Cohen's "state claim for

fraudulent misrepresentation also fails as the meals provided him were Kosher."  Id. at ECF p. 4.

For the reasons that follow, I will grant the Berks defendants' motion to dismiss.

### 1.    Diet

Cohen's amended complaint includes a variety of allegations pertaining to his diet.  He

claims that defendant Svenson "refused to comply with [his] Kosher Diet."  Id. at ECF p. 6.  He

also alleges that "from 12-10-12 and ongoing . . . Lt. Castro knew my foods were non Kosher

and allowed me to continue to be fed them."  Id. at ECF p. 7.  He claims that a John or Jane Doe

defendant served him non Kosher food loaf "on 10-9-12 until 10-14-12."  Id. at ECF p. 8.  Cohen

asserts that Warden George Wagner "allowed me to be fed food loaf when I was in the hole

which is non Kosher," "from 9-16-12 and ongoing, presented [him] with a choice Eat or practice

---

[3]          The Berks defendants' motion to dismiss (Dkt. No. 46) addresses both Cohen's
complaint and his amended complaint as a single document in recognition of the liberal pleading
standards applied to pro se litigants.  Dkt. No. 46 at ECF p. 3 n.1.

[his] religion," "violated Equal Protection laws by refusing to provide, Kosher Breakfast and Kosher Fresh Fruit and Vegetables and a varied diet," "[b]eginning 9-9-12 and ongoing . . . has refused to comply with Kosher guidelines set forth by the Orthodox Union of America . . . ," and "beginning 9-30-12 and ongoing . . . used fraudulent misrepresentation regarding non Kosher foods, advertising them as Kosher." Id. at ECF p. 8, 9, 10, 12.  Cohen contends that "Berks County Jail System employees are attempting to alter or modify [his] beliefs.  By forcing non Kosher foods on [him]."  Dkt. No. 9-1 at ECF p. 3.  Similarly, Cohen's lengthy complaint includes a range of allegations related to his diet.  See, e.g., Dkt. No. 1 at ECF p. 6 ("I am not afforded a nutritionally correct diet, I am denied Breakfast, Fresh Fruits and vegetables a[nd] 2000 calorie a day meals."); id. at ECF p. 10 (alleging he was offered "food loaf" when he "was placed in the hole" and "was told by George Wagner himself that it was Kosher approved").  Cohen appears to claim that the Berks defendants' actions related to his diet violated his rights under the First, Eighth and Fourteenth Amendments and RLUIPA.

### a.    First Amendment and RLUIPA

In accordance with the First Amendment, a prisoner retains those rights "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  Pell v. Procunier, 417 U.S. 817, 822 (1974).  A prison's failure to provide meals that comply with an inmate's religious dietary restrictions can give rise to a First Amendment claim.  See Williams v. Morton, 343 F.3d 212, 215-16 (3d Cir. 2003).  There is, under the Free Exercise Clause, "a constitutional right not to be forced into a Hobson's choice of either eating food items which offend one's religious beliefs, or eating very little or not at all."  Norwood v. Strada, 249 F. App'x 269, 272 (3d Cir. 2007).

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates that imposition of the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc-1(a).  Cohen bears the burden to show that by their alleged failure to provide him with Kosher foods, defendants have substantially burdened the practice of his religion.  Washington v. Klem, 497 F.3d 272, 277-278 (3d Cir. 2007).  The Court of Appeals has held that,

> [f]or the purposes of RLUIPA, a substantial burden exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

Id. at 280 (capitalization in original).  Once a viable claim is asserted, the Government has the burden of demonstrating the burden furthers a compelling governmental interest and is the least restrictive means of doing so.  See id. at 277-78 (3d Cir. 2007).[4]

The Berks defendants argue that Cohen's First Amendment and RLUIPA claims pertaining to his diet fail because, inter alia, Cohen has provided only conclusory allegations that his food loaf, trays, fruits vegetables and breakfasts were not Kosher without any supporting facts.  I agree.  While he claims that he was forced to choose between eating or following his

---

[4]     Cohen cannot assert a claim for money damages under RLUIPA against defendants in their official capacities.  Sossamon v. Texas, 131 S. Ct. 1651, 1655 (2011).  Nor does RLUIPA impose individual liability for monetary damages.  See Sharp v. Johnson, 669 F.3d 144, 154-55 (3d Cir. 2012); Heim v. Moore, No. 11-0270, 2012 WL 1118636, at *3 (M.D. Pa. Apr. 3, 2012).  Therefore, to the extent that Cohen seeks monetary damages pursuant to RLUIPA, his RLUIPA claim must be dismissed.

religion, he makes only conclusory statements that the food he was offered was not Kosher.[5]

"Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S at 679, quoting Fed. Rule Civ. Proc. 8(a)(2).  Accordingly, the Court will grant the Berks defendants' motion to dismiss the First Amendment and RLUIPA claims arising out of Cohen's diet.  Because the Court cannot conclude that amendment would be futile, these claims will be dismissed with leave to amend.  See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (holding district court should not dismiss a plaintiff's claims "without either granting leave to amend or concluding that any amendment would be futile").

### b.      Eighth Amendment

In order to establish an Eighth Amendment violation Cohen must show that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety.  Farmer v. Brennan, 511 U.S. at 832 (citations omitted); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' . . . 'only those

---

[5]      "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  The grievance forms attached to Cohen's complaint and amended complaint do not suffice to transform his complaint and amended complaint, even liberally construed, into pleadings that contain sufficient factual matter to show that the claims pertaining to his diet are facially plausible.

In ruling on the motions to dismiss, the Court declines to consider as supplements to Cohen's complaint and amended complaint his subsequent filings of declarations and numerous other documents, see, e.g., Dkt. No. 4, as, when read in conjunction with his complaint and/or amended complaint, they do not constitute the "short and plain statement" required by Rule 8(a)(2).  Fed. R. Civ. P. 8(a)(2); see Parker v. Learn the Skills Corp., 03-6936, 2004 WL 2384993, at *1 (E.D. Pa. Oct. 25, 2004), quoting United States, ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("'Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'").

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'"), quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The Court of Appeals has recognized that "only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim."  Lindsey v. O'Connor, 327 F. App'x 319, 321 (3d Cir. 2009) (citation omitted).  Further, to establish his claims under the Eighth Amendment, Cohen must also show that the relevant defendants acted with a sufficiently culpable state of mind or deliberate indifference.  Farmer, 511 U.S. at 834.  A prison official acts with a sufficiently culpable state of mind when the official knew of but disregarded an "excessive risk to inmate's health or safety."  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

Cohen's amended complaint fails to allege sufficient facts from which it could be inferred that he has suffered a substantial deprivation of food or that any of the defendants acted with the requisite culpable state of mind.  Accordingly, the Court will dismiss Cohen's diet-related Eighth Amendment claims against the Berks defendants with leave to amend.

### c.    Fourteenth Amendment Equal Protection

Cohen's Fourteenth Amendment Equal Protection claims likewise fail to withstand the Berks defendants' motion to dismiss as, even assuming arguendo that he has sufficiently alleged that similarly situated individuals were treated differently from him, he has not alleged sufficient facts to support a finding that he has a plausible claim of intentional discrimination.  See Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).  The Court will dismiss Cohen's diet-related Fourteenth Amendment claims against the Berks defendants with leave to amend.

### 2.    Tanakh

Cohen's amended complaint also includes allegations that "[o]n January 30" Officer Dew and Officer Gerry "destroyed or caused to be destroyed [his] tanakh."  Dkt. No. 9 at ECF p. 5. As a result, Cohen asserts violations of his rights under the First, Eighth and Fourteenth Amendments.

### a.   First Amendment

In their motion to dismiss, the Berks defendants contend that "the Tanakh was not destroyed.  Officers searching Plaintiff's cell discovered that the book had a false cover and removed the offending portion, leaving the remainder of the book in the cell."  Dkt. No. 46 at ECF p. 14.  The Court declines, however, at this stage of the litigation, to consider facts outside of Cohen's complaint or amended complaint.[6]  See, e.g., Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992) ("Generally . . . if matters outside the pleadings are presented to the district court on a motion under Rules 12(b)(6) or 12(c), and the court does not exclude them, the motion must be considered as one under Rule 56 and determined in accordance with summary judgment principles.") (citations and internal quotations omitted).  The Court finds, however, that Cohen has not sufficiently alleged a plausible claim for a violation of his rights under the First Amendment through his conclusory allegation that Officer Dew and/or Officer Gerry destroyed his religious text.  He does not allege that other copies of the religious text were unavailable to him or that Dew and/or Gerry's alleged actions otherwise rendered him unable to practice his

---

[6]     The Court notes that declarations submitted by Cohen, but not considered in rendering this decision, appear to support the Berks defendants' position that only the cover of the Tanakh was removed.  See, e.g., Dkt. No. 4 at ECF p. 4 (declaration of Leon Nelson stating that "when my cellmate returned" after officers entered their cell, Cohen "showed me his Jewish Bible, the cover was torn off.  I saw the bible when it was with a cover.").  If only the Tanakh's cover was removed and its removal was done in accordance with a reasonable prison regulation, Cohen would likely be unable to prevail on a claim that Dew and/or Gerry impermissibly infringed upon his rights under the First Amendment.  See Turner v. Safley, 482 U.S. 78, 89 (1987) (holding that a prison regulation that affects a constitutional right will be "valid if it is reasonably related to legitimate penological interests").

religion.[7]  Accordingly, the Court will grant the Berks defendants' motion to the extent that it

seeks dismissal of Cohen's Tanakh-related First Amendment claim against Dew and Gerry.

Because it is not clear that amendment would be futile, Cohen will be granted leave to amend

this claim.

### b.      Eighth Amendment

The Court finds that Cohen has not stated a claim for a violation of his rights under the

Eighth Amendment with respect to the alleged destruction of the Tanakh, because he has alleged

no facts showing that he was subjected to cruel or unusual punishment when the text was

allegedly destroyed.  See McNeil-El v. Digulielmo, No. 06-0577, 2007 WL 1575006, at *7 (E.D.

Pa. May 31, 2007) (holding an inmate did not allege an Eighth Amendment violation when his

"only allegation is that certain of the Defendants entered his prison cell, read certain documents

kept in his cell, and removed such documents from his cell").  Absent allegations that his health

or safety were endangered in any way by the alleged destruction of the Tanakh, the Court will

dismiss Cohen's Eighth Amendment claim with respect thereto with leave to amend.

### c.      Fourteenth Amendment Due Process

The Court also finds that Cohen has not sufficiently alleged a violation of his right to due

process under the Fourteenth Amendment in connection with the alleged destruction of the

Tanakh.  "[A]n unauthorized intentional deprivation of property by a state employee does not

constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v.

Palmer, 468 U.S. 517, 533 (1984).  Prison grievance procedures can provide an adequate

---

[7]      Cohen's claim against the other Berks defendants with respect to his Tanakh will
be dismissed outright as the Court has been unable to discern any allegation that the other
defendants had anything to do with the alleged destruction of Cohen's religious text.[7]

postdeprivation remedy for confiscation of inmate property.  See e.g., Tillman v. Lebanon County Corr. Fac., 221 F.3d 410, 422 (3d Cir. 2000).  Cohen has alleged that he had access to such a grievance procedure, acknowledging that the grievance procedure at the Berks County Jail System covered "all of" his claims.  Dkt. No. 9-1 at 2.  Accordingly, the Court will dismiss Cohen's Fourteenth Amendment claim with respect to the Tanakh with leave to amend.[8]

### 3.    Legal Mail

Cohen contends that defendants violated his right of access to the courts when his legal mail was returned for lack of postage and when a mail room employee "refused to send out legal mail, clearly marked."  Dkt. No. 9-1 at ECF p. 1, 8.  To establish his access to the courts claim, Cohen must plead facts showing "that the denial of access caused actual injury; for instance, that he was prevented from asserting a 'nonfrivolous' and 'arguable' claim."  Tapp v. Proto, 404 F. App'x 563, 566 (3d Cir. 2010), citing Christopher v. Harbury, 536 U.S. 403, 415 (2002).  Cohen has not pled any facts to support a plausible claim that the actions of the Berks defendants in any way restricted his access to the courts.  The Court will dismiss Cohen's access to court claim with leave to amend.

### 4.    Retaliation

Cohen asserts that he was retaliated against by the filing of a "false misconduct" and through "veiled threats made by prison officials in their responses his grievances.  Dkt. No. 1 at ECF p. 7, 14; Dkt. No. 9 at ECF p. 6.  In particular, he alleges that Officer Matta retaliated against him "when he wrote [Cohen] up for a false misconduct on 1-13-31 (1-31-13).  Dkt. No. 9

---

[8]    Neither has Cohen sufficiently alleged that the claimed destruction of his Tanakh constituted a violation of his right to equal protection under the Fourteenth Amendment.  Even assuming arguendo that somewhere in his complaint or amended complaint is an allegation that similarly situated individuals were allowed to retain their religious texts while he was not, he has not alleged sufficient facts to support a finding that he has a plausible claim of intentional discrimination.  See Hill, 455 F.3d at 239.

at ECF p. 6.  Cohen also contends that he was "threaten[ed with] retaliation for practicing [his] constitutional right to due process" and is "no longer able to write either the warden or the kitchen if any problems arise."  Dkt. No. 1 at ECF p. 7.  He alleges that "Warden George Wagner and Kitchen supervisor John Doe . . . "did threaten retaliation if [he] continued to write grievances."  Id. at ECF p. 14.

"Retaliation for the exercise of constitutionally-protected rights is itself a violation of rights secured by the Constitution actionable under § 1983."  White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  To establish his claim of retaliation, Cohen must allege facts to show that he engaged in constitutionally protected conduct and that, as a result, he suffered an adverse action at the hands of prison officials that "was sufficient to deter a person of ordinary firmness from exercising his constitutional rights."  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

Even assuming arguendo that Cohen has sufficiently pled that he engaged in constitutionally protected conduct prior to the alleged retaliatory conduct, he has not pled sufficient allegations to establish causation.  A plaintiff "may demonstrate causation through a 'pattern of antagonism' following the plaintiff's protected conduct or unusually suggestive temporal proximity" between the protected and retaliatory conduct.  Motto v. Wal-Mart Stores East, LP, No. 11-2357, 2013 WL 1874953, at *8 (E.D. Pa. May 13, 2013), quoting Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997).  A plaintiff must also "allege a chronology of events from which retaliation may be inferred."  Bendy v. Ocean Cnty. Jail, 341 F. App'x 799, 802 (E.D. Pa. 2009) (citations and internal quotations omitted).

Cohen has not set forth specific allegations that any of the relevant defendants had knowledge of grievances that he filed prior to when he believes he was subjected to alleged

retaliatory conduct. Nor has he alleged sufficient facts to establish a "pattern of antagonism." Absent sufficient allegations to demonstrate causation, the Court will dismiss Cohen's retaliation claims with leave to amend.

### 6. Fraudulent Misrepresentation

The Court will also dismiss Cohen's complaint to the extent that it endeavors to assert a state law claim of fraudulent misrepresentation based on Warden Wagner's alleged statement that allegedly non-Kosher meals were actually kosher. First, Rule 9(b) of the Federal Rules of Civil Procedure requires that Cohen plead the circumstances of the alleged fraudulent misrepresentation "with particularity." Fed. R. Civ. P. 9(b). Cohen has not pled facts to establish a plausible claim that Wagner's statement was false, reckless as to its truth or made with the intention of misleading Cohen or that Cohen justifiably relied on the alleged statement or suffered an injury proximately caused by any such reliance. See Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994) (setting forth the elements of a claim of fraudulent misrepresentation under Pennsylvania law). Second, Cohen has not shown that his claim falls within any of the eight narrow exceptions to the governmental immunity provided by the Pennsylvania Political Subdivision Tort Claims Act (PSTCA), 42 Pa. Cons. Stat. § 8542, which gives local government entities immunity from various civil claims. Id. § 8541. Amendment of this claim would be futile and the Court will dismiss it with prejudice.

### C. Chaplain's Motion to Dismiss

In the amended complaint, Cohen alleges that Chaplain Mast violated his rights under the First, Eighth and Fourteenth Amendments. Dkt. No. 9 at ECF p. 11. He claims that "Chaplain Mast stopped [him] from practicing his religious beliefs fully. By causing [him] to be served non Kosher foods and delaying such from 9-10-12 until on or about 9-16-12." Dkt. No. 9 at ECF

p. 11.  Cohen asserts that "Chaplain Mast caused [a violation of his] 1st Amendment Rights and 8th amendment rights when [he] was sent to the hole and fed food loaf from 10-9-12 until 10-16-12."  Id.  In his complaint, Cohen similarly alleged that Chaplain Mast violated RLUIPA and his rights under the First, Eighth, and Fourteenth Amendments "when I wrote him on 9-11-12 for Kosher meals.  I was unable to eat for 5-6 days, causing Pain to my stomach, unhealthy weightloss, headaches and finally hallucinations.  I was offered non Kosher meals throughout which I refused to eat."  Dkt. No. 1 at ECF p. 10.  He also alleged that his rights were violated when he "was refused fresh fruit, vegetables, Breakfast and a dessert.  All of those foods were served to [him] on non Kosher trays."  Id. at ECF p. 13.

Chaplain Mast moves to dismiss Cohen's claims against him under 42 U.S.C. section 1983, arguing that Cohen has not sufficiently alleged that Mast is a state actor who acted under color of state law.  Dkt. No. 47-1 at ECF p. 13.  Such an allegation is required to state a claim pursuant to section 1983.  See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

The Court declines to determine whether Mast was acting under color of state law.  See Mestre v. Wagner, No. 10-7141, 2012 WL 299626, at *7 (E.D. Pa. Feb. 1, 2012) (declining to determine whether the defendant chaplain was acting under color of state law where the plaintiff failed to state a claim under RLUIPA or section 1983), aff'd, 502 F. App'x 129 (3d Cir. 2012).  The Court of Appeals has not determined whether or when a prison chaplain may be considered a state actor.  See Mestre, 2012 WL 299626, at *7.  Other courts addressing the question have reached contrary outcomes.  Compare Florer v. Congregation Pidyon Shevuyim, 639 F.3d 916, 924-25 (9th Cir. 2011) (finding defendants were not state actors, explaining, inter alia, that "[c]haplains and religious leaders do not automatically become state actors when they provide opinions on matters of dogma in response to inquiries from prison officials"), and Montano v.

Hedgepeth, 120 F.3d 844, 851 (8th Cir. 1997) ("a prison chaplain, even if a full-time state

employee, is not a state actor when he engages in inherently ecclesiastical functions"), with

Stubbs v. DeRose, No. 03-2362, 2007 WL 776789, at *5 (M.D. Pa. March 12, 2007) (finding on

a motion for summary judgment that the defendant, a full-time prison chaplain, was a state actor

where, inter alia, "his day-to-day activities were supervised by [the warden and deputy warden at

the prison] where he worked full time, maintained an office, and was permitted to be present in

areas of the prison that would be off-limits to members of the public").  Instead, the Court finds

that Cohen has not stated a claim against Mast for a violation of his constitutional rights or under

RLUIPA because Cohen makes only conclusory statements in his complaint and amended

complaint that the food he was offered was not Kosher.  Accordingly, the Court will grant Mast's

motion to dismiss.  Cohen will be granted leave to amend.

> **D.      Motions to Amend or to Plead Special Matters**

Subsequent to the filing of his amended complaint, Cohen has filed numerous motions

and other pleadings seeking to add additional defendants to this action and to raise additional

claims.  See, e.g., Dkt. Nos. 24, 29, 30, 35, 36, 37, 38, 39, 55 and 57.  Among the litany of

complaints Cohen seeks to raise in these filings are the following:  (1) with the respect to the

adequacy of psychiatric care provided to him, a request to add Primecare Medical as a defendant,

alleging violation of the Americans With Disabilities Act and deliberate indifference in violation

of the Eighth Amendment, Dkt. No. 35; (2) a complaint regarding a large lump in his abdomen

allegedly requiring major surgery, id.; (3) a complaint that Lt. Castro issued a grievance response

allegedly banning Cohen from filing further grievances in violation of his rights under the First

and Fourteenth Amendments, Dkt. No. 37; (4) a complaint that he was provided with non-

Kosher foods for Passover in violation of his rights under the First Amendment, id.; (5) a

complaint that he was restricted from wearing his yarmulke outside of his cell, id.; (6) an allegation that the "SOG team" removed exhibits from his section 1983 lawsuit, Dkt. No. 38; (7) a complaint that he was sent non-Kosher fig newtons on Purim, Dkt. No. 39; (8) a claim for intentional infliction of emotional distress arising from his being fed with "food loaf" and non-Kosher foods, id.; (9) a request for a criminal investigation of Rabbi Michaelson and an injunction banning Michaelson from advising future Orthodox Jewish inmates, id.; (10) a claim arising out of his having allegedly swallowed a staple that had been secreted in an orange, resulting in injuries to his throat, gums and roof of mouth and the denial of adequate medical care, blood in stool, stomach pain, Dkt. No. 57; (11) a claim for deliberate indifference arising out of the alleged refusal to repair a toilet, Dkt. No. 30; (12) a claim that he was sexually assaulted by a counselor while he was at the State Correctional Institute, Chester in early 2012, id. at ECF p. 10; and (13) a claim that prisoners were provided with urine to drink in place of water, Dkt. No. 57 at ECF p. 28.

Although the Court will grant Cohen leave to file a second amended complaint, it will deny his pending motions for leave to amend and requests to supplement his complaint and for pleading of special matters. The litany of allegations in Cohen's pending proposed amendments are "so excessively voluminous and unfocused as to be unintelligible." Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011). Cohen is cautioned that should he choose to file a second amended complaint it must contain allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), such that it will permit defendants to "meaningfully answer or plead to it" and not be "left . . . having to guess what of the many things discussed" constitute any alleged violations of Cohen's legal rights. Binsack, 438 F. App'x at 160. He must make clear which claims are being asserted specifically against which defendants and the specific

factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief. The allegations should also be specific as to time and place. The Court reminds Cohen that "conclusory or 'bare-bones' allegations will [not] survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. In addition, any second amended complaint must be complete in all respects. It must be a new pleading that stands by itself as an adequate complaint without reference to the complaints already filed. Any cause of action alleged in the prior complaints but not alleged in a second amended complaint will be deemed waived.

**VIII.   Petition for Writ of Mandamus**

The Court will also deny Cohen's "Petition for a Writ of Mandamus under 28 U.S.C.S. § 1651(a)," Dkt. No. 16. Authority to issue a writ of mandamus is bestowed by the All Writs Act, 28 U.S.C. § 1651(a). See Mitchell v. United States, 419 F. Supp. 2d 709, 712 (W.D. Pa. 2005). Pursuant to 28 U.S.C. § 1361, "[t]he district courts . . . have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Cohen does not allege any action or omission by a federal officer, employee, or agency as required for the Court to have mandamus jurisdiction.

Even if the Court had jurisdiction over Cohen's petition, mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000). Cohen has not shown "that he has no other adequate means to attain the relief he desires

and that he has a clear and indisputable right to the writ." <u>Mitchell</u>, 419 F. Supp. 2d at 712,

<u>citing</u> <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476, 482 (3d Cir. 1995).

## VII.    Motions to Compel Discovery

Finally, the Court will deny Cohen's motions seeking to compel Primecare Medical to

produce Cohen's medical records for the last five years.  Dkt. Nos. 45 and 50.  Primecare

Medical is not presently a defendant in this action.

An appropriate Order follows.